IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES JEFFERSON MURRY,

     OPINION AND ORDER

   Plaintiff,

     17-cv-938-bbc

 v.

DODGE CORRECTIONAL INSTITUTION
and NURSE BURLING,

   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Pro se plaintiff James Jefferson Murry, who is incarcerated at the Oneida County jail in Rhinelander, Wisconsin, has filed a proposed civil action under 42 U.S.C. § 1983, in which he alleges that he was injured when he bit into a piece of metal in his food while he was incarcerated at the Dodge Correctional Institution. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A.

  After reviewing plaintiff's complaint, I am dismissing it because plaintiff has failed to state any claim against the named defendants upon which relief may be granted. I also am directing the clerk of court to record a strike in accordance with 28 U.S.C. § 1915(g).

  Plaintiff alleges the following facts in his complaint.

1

ALLEGATIONS OF FACT

On October 16, 2017, plaintiff James Jefferson Murry was incarcerated at the Dodge Correctional Institution. While eating dinner that day, plaintiff bit into a "big piece of metal," causing him to chip a tooth and his gums to bleed. After twice asking to see a nurse for x-rays, plaintiff was brought to see defendant Nurse Burling, who refused to give him an x-ray but looked in his mouth with a flashlight for about 30 seconds. Although plaintiff was worried that he may have swallowed a piece of the metal, Burling laughed off plaintiff's concerns and told plaintiff that he would be okay and that the metal would just pass through him. Plaintiff does not allege that he suffered any further problem from the metal.

OPINION

I understand plaintiff to be raising the following claims under the Eighth Amendment: (1) defendant Dodge Correctional Institution allowed metal to be in his food; and (2) defendant Burling refused to give him an x-ray to make sure that he did not swallow any metal. Plaintiff's allegations are not sufficient to state a claim under the Eighth Amendment.

With respect to the first claim, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: (1) the conditions are sufficiently and objectively serious in that they deny the inmate "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), and create an excessive risk to the inmate's health and safety; and (2) defendants have a sufficiently culpable state of mind. Isby v. Brown, 856 F.3d 508, 521 (7th Cir. 2017) (citing

2

Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The Court of Appeals for the Seventh Circuit has held that an ongoing problem of foreign objects in prison food can state an Eighth claim for deliberate indifference to a substantial risk of serious harm. Green v. Beth, 663 Fed. Appx. 471 (7th Cir. 2016) (allegations that jail officials knew about repeated problems of foreign objects in food were causing injuries, coupled with allegation that plaintiff broke a tooth by biting into rock imbedded in food, sufficient to state claim); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985) (inmates constitutionally entitled to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it") (internal citation omitted). However, an isolated incident of being served contaminated food does not rise to a constitutional violation. Perez v. Sullivan, 100 Fed. Appx. 564 (7th Cir. 2004) (allegation that detainee became sick from isolated incident of being served spoiled milk failed to state claim); Franklin v. True, 76 F.3d 381 (7th Cir. 1996) (unpublished disposition) (one instance of food poisoning is insufficient to state conditions-of-confinement claim); Hadley v. Dobucki, 59 F.3d 173 (7th Cir. 1995) (unpublished disposition) (occasional "foreign objects" such as aluminum foil in prison food did not state an Eighth Amendment claim); Laster v. Peoria County Jail, 2018 WL 1629857, at *2 (C.D. Ill. Apr. 4, 2018) (allegation that maggots appeared in food on one occasion during four-month incarceration did not permit inference of ongoing food contamination problem); Teen v. St. Clair County Jail, 2017 WL 3670164 (S.D. Ill. 2017) (single episode of food contamination without prior occurrences of contamination failed to state

3

constitutional claim).

Plaintiff does not allege that he or any other inmates had ongoing problems with foreign objects in their food. Although the staff preparing plaintiff's food in this case may have been negligent, negligence does not violate the Eighth Amendment. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence, does not violate the Constitution."). Additionally, the individuals who run the institution or supervise the food staff are not liable for the constitutional violations of their employees simply because those individuals are in charge. Kuhn v. Goodlow, 678 F.3d 552. 556 (7th Cir. 2012) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation."). Accordingly, I conclude that plaintiff's allegation that he had metal in his food on one occasion does not state a claim under the Eighth Amendment.

In addition, plaintiff's allegation that defendant Burling reused to give him an x-ray fails to state a claim for inadequate medical care under the Eighth Amendment. Although prisoners have a constitutional right to adequate medical care, they are not entitled to specific medical treatments or unqualified access to healthcare. Holloway v. Delaware County Sheriff, 700 F.3d 1063, 1073 (7th Cir. 2012); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). Further, a disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment is insufficient to find an Eighth Amendment violation. Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014); Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). In this case, plaintiff alleges that Burling examined him and listened to his concerns about the possibility that he had swallowed a piece of metal but determined that x-rays were not necessary because any

4

metal he swallowed would pass through. Plaintiff does not allege that he suffered any further symptoms or problems that Burling failed to treat. Without more, I cannot infer that Burling acted with deliberate indifference in failing to give plaintiff an x-ray.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff James Jefferson Murry's failure to state a claim upon which relief may be granted. The clerk of court is directed to record a strike in accordance with 28 U.S.C. § 1915(g).

Entered this 12th day of April, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge